# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of:

Cellular telephone assigned call number 414-395-0497

Case No. 17M115

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

See Attachment A.

over which the Court has jurisdiction pursuant to Title 18, United States Code, Sections 2703 and 2711, there is now concealed:

See Attachment B.

The basis for the search under Fed. R. Crim P. 41(c) is:
- ☐ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of: Title 18, United States Code, Section 1591

The application is based on these facts: See attached affidavit.

☒ Delayed notice of 30 days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Heather Wright, Special Agent, FBI
*Printed Name and Title*

Sworn to before me and signed in my presence:

Date: Sept. 6, 2017

*Judge's signature*

City and State: Milwaukee, Wisconsin       Honorable David E. Jones, U.S. Magistrate Judge
*Printed Name and Title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Heather Wright, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 414-395-0497 (the "Target Cell Phone"), whose listed subscriber is unknown, whose service provider is Sprint, a wireless telephone service provider headquartered in Overland Park, Kansas. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been employed by the FBI since July 2010. I am currently assigned to the Wisconsin Human Trafficking Task Force which investigates the illegal trafficking of persons both domestic and foreign for the purposes of labor and commercial sex acts. I gained experience in the conduct of such investigations through previous case investigations, formal training, and in consultation with law enforcement partners in local, state and federal law enforcement agencies. Prior to my assignment with the Milwaukee Division of the FBI, I was employed both as a Programmer Analyst for web applications from September 1999 through March 2001 as well as an Automation Engineer from June 2003 through July 2010 within the Pharmaceutical manufacturing industry. I am the case agent in *United States v. Terrell Shankle,* Case No. 16-CR-07.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. Throughout this affidavit, reference will be made to case agents. Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that Jacquelin Epperson has committed contempt of court in violation of 18 U.S.C. § 401(3) by disobeying a lawful order of a court of the United States by failing to appear for trial testimony in *United States v. Terrell Shankle*, 16-CR-07 (E.D. Wis.). Trial in that case started September 5, 2017.

## PROBABLE CAUSE

5. Epperson was served with a trial subpoena on July 31, 2017. On August 28, 2017, Epperson was brought to the federal courthouse in Milwaukee for a pretrial preparation session with Assistant U.S. Attorney Benjamin Proctor. At that time,

2

Epperson was reminded of the importance of complying with the subpoena and appearing on September 5, 2017 for the trial.

6. Epperson did not appear at the federal courthouse for trial on September 5, 2017, as required by the subpoena. Attempts to contact her have thus far failed.

7. An arrest warrant was issued for Jacquelin Epperson on September 5, 2017 by U.S. Magistrate Judge David E. Jones.

8. Law enforcement officers have been working to determine possible phone numbers for Epperson. Recently, a known contact of Epperson informed law enforcement that last week, Epperson sent a text message to the contact from the Target number. The contact is a social services worker and law enforcement knows that contact to be reliable.

9. In my training and experience, I have learned that Sprint is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers

3

covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

10. Based on my training and experience, I know that Sprint can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on Sprint's network or with such other reference points as may be reasonably available.

11. Based on my training and experience, I know that Sprint can collect cell-site data about the Target Cell Phone.

## AUTHORIZATION REQUEST

12. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

13. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously

4

jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

14. I further request that the Court direct Sprint to disclose to the government any information described in Attachment B that is within the possession, custody, or control of Sprint for a time period of 45 days from the date the warrant is signed. I also request that the Court direct Sprint to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Sprint's services, including by initiating a signal to determine the location of the Target Cell Phone onSprint's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate Sprint for reasonable expenses incurred in furnishing such facilities or assistance.

15. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number 414-395-0497 (the "Target Cell Phone"), whose wireless service provider is Sprint, a company headquartered at 6200 Sprint Pkwy, Overland Park, KS 66251.

2. Information about the location of the Target Cell Phone that is within the possession, custody, or control of Sprint, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

# ATTACHMENT B

## Particular Things to be Seized

All information about the location of the Target Cell Phone described in Attachment A for a period of forty-five days from the date the warrant is signed, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Sprint, Sprint is required to disclose the Location Information to the government. In addition, Sprint must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Sprint's services, including by initiating a signal to determine the location of the Target Cell Phone on Sprint's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Sprint for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

Provide any and all subscriber information including, name, address, and other identifiers of the subscriber. In addition, please provide the Make/Model of the Target Cell Phone and MIN, MSID, IMSI, IMEI, and MEID.

2